———o———

## No. 3626.

### (Court of Appeal, Parish of Orleans.)

### JOHN F. LINDNER vs. WILLIAM J. MORGAN.

Appeal from Civil District Court, Division "D."

Theo. Cotonio, for Plaintiff and Appellee.

Walter L. Gleason, for Defendant and Appellant.

1. An adjudicatee who absolutely declines to take the property cannot afterwards urge want of formal tender; his refusal was a waiver and the vendor was under no legal obligation to do a vain thing

2. Grounds urged in argument but not in the pleadings will not be considered, defendant should have specially asserted all the defects upon which he relied to justify his refusal of title

DUFOUR, J. The adjudicatee at auction of certain real estate refuses to comply with the adjudication on the following grounds:

1st. That the property did not present the physical aspects described by the plan according to which it was sold, and by the auctioneer at the sale, and on the faith of which the purchase was made.

2nd. That the purchaser has never been put in default.

3rd. That plaintiff's title is a tax title which is void because no notice of sale was given to the Howcott Land Co., and that

plaintiff is thus precluded from transferring a valid title until that of the Howcott Co. is cancelled.

## I.

The only disparity specifically complained of is that the property did not have a brick sidewalk.

The preponderance of proof is to the effect that the plan coloring used in this instance is not usually understood to denote a brick banquette, that there were curbing, cinders and fragments of an old brick pavement there, and that the auctioneer, made no announcement at all on the subject. The advertisement is silent on that score.

We do not find any misrepresentation warranting the annulment of the adjudication.

## II.

The adjudicatee having positively declined to take the property cannot thereafter urge want of formal tender, his refusal was a waiver, and the vendor was under no legal obligation to do a vain thing, and may properly in this suit meet all objections made to his title.

## III.

The validity of the Howcott Land Co's. title is not attacked; the objection is aimed at Lindner's title, because of alleged want of notice to the Howcott Co. At the trial a disclaimer of title was filed by the latter; the Court properly overruled the objection to its introduction as the document was admissible to the objection "that plaintiff was precluded from transferring a valid title until that of the Howcott Co. was cancelled."

That such a disclaimer should have been made after the adjudication to defendant is immaterial, its legal effect is tantamount to an admission that notice was given, and obviates all objections made on that score.

Other grounds urged in argument but not in the answer will

not be considered; defendant should have specially pleaded all the defects upon which he relied.

We are not disposed to question the correctness of the refusal of a new trial, particularly when the alleged newly discovered evidence tends to attack the Howcott title which is not attacked in the pleadings.

Neither shall we disturb the refusal of interest on the purchase price in the absence of proof as to collection of the rents since the adjudication.

The plaintiff is entitled to relief. Judgment affirmed.
March 20th, 1905.